Finley v. Handley.

---

CHARLES FINLEY, PLAINTIFF IN ERROR, v. JOSEPH HANDLEY, DEFENDANT IN ERROR.

Whether a rule to show cause why a new trial be granted is general or special, the mere granting of it, on the application of the party who holds bills of exception, operates as a waiver of all exceptions save those which are expressly reserved in the rule to show cause.

On motion to strike out errors assigned.

Argued at February Term, 1888, before Justices VAN
SYCKEL, KNAPP and DIXON.

For the plaintiff in error, *John A. McGrath* and *Gilbert
Collins.*

For the defendant in error, *Hoffman & Herbert.*

The opinion of the court was delivered by ·

VAN SYCKEL, J.   This action was brought in the Hudson
Circuit Court by Handley, against Finley and others, where
a verdict was recovered against all the defendants.   There-
upon, the following rule to show cause was granted in the
Circuit Court:

" Counsel for all the defendants in above-stated cause hav-
ing applied to the court (*ex parte*) for a rule to show cause
why the verdict of the jury lately rendered against said
defendants therein should not be set aside and a new trial
granted, on the grounds that the said verdict is against the
weight of the evidence, and 'the damages awarded by said ver-
dict excessive, and on the further ground of misbehavior of
the plaintiff toward the jury, it is, on this fourteenth day of
May, A. D. eighteen hundred and eighty-seven, on motion of
Henry E. Wills, attorney of defendant Patrick Woods, and
on this motion for said other defendants, ordered that plaintiff
show cause before his Honor, Manning M. Knapp, judge of
the said court, at the court-house in Jersey City, on Saturday,
the twenty-eighth day of May, instant, at ten o'clock in the
forenoon, why said verdict should not be set aside and a new
trial granted in said cause, on the grounds aforesaid.

" Rule entered May 14, 1887.   On motion of

" HENRY E. WILLS,
"*Attorney of Defendants.*"

This rule to show cause was discharged after argument.

A writ of error to this court was then taken by Finley, and

now the defendant in error moves to strike out all the assignments of error which are based upon exceptions taken at the trial, on the ground that such exceptions were waived by the granting of the rule to show cause.

Section 246 of the Practice act provides that "where the party holding a bill or bills of exceptions applies for a rule to show cause why a new trial should not be granted the granting thereof shall be a waiver of all bills of exceptions, except on points expressly reserved in said rule. A rule to show cause why a new trial should not be granted may, in the discretion of the court, be special, and then the case shall be heard and decided on the grounds upon which the rule was allowed." *Rev., p.* 887.

Our statute, passed March 7th, 1797 (*Rev. Laws, p.* 293), makes no provision as to the effect of the rule to show cause.

In *Gibbons* v. *Ogden,* 2 *South.* 852, and in *Mann* v. *Glover,* 2 *Gr.* 195, this court refused to hold that a party cannot move for a new trial, on any matter contained in the bill of exceptions, without waiving his entire bill; but did hold that a motion for a new trial, or in arrest of judgment, would not be entertained on any point on which a bill of exceptions had been allowed, unless the party making such motion would waive that exception.

The practice was settled in the case of *Meeker* v. *Boylan,* 3 *Dutcher* 262, and was embodied in a rule of court, promulgated November Term, 1862, as follows:

"43. Where the party holding a bill or bills of exceptions applies for a rule to show cause why a new trial shall not be granted on the points contained in said bill or bills, or in any of them, it shall be made a condition of granting the rule, if insisted upon by the opposite party, that all the bills of exceptions shall be given up. But if the application for a rule is made solely on points which cannot be raised on a writ of error, the bill or bills of exception need not be given up. Rules to show cause may, in the discretion of the court, be special, and then the case shall be heard and decided on the grounds upon which the rule was allowed."

See rules published in 1864 by Chas. P. Smith.

The reason given in Meeker *v.* Boylan for this form of the rule is that the party applying for the rule cannot be permitted to select particular questions of law to be argued and decided on the motion for a new trial and retain his bill of exceptions upon other questions to be argued and decided on a writ of error.

The rule was amended in 1868, and published in the compilation of rules of that year as rule 42, in the precise form in which it is now found in the Practice act. *Rev., p.* 887, § 246.

Under the rule of 1862, the granting of a rule to show cause did not, of itself, operate as a waiver of the bills of exception, unless it was expressly made a condition of the rule that such should be its effect.

That rule also provided that where the rule to show cause was applied for solely on points which could not be raised on a writ of error, the bills of exception need not be abandoned.

The rule of 1868, which became the statute in the revision, makes the granting of the rule to show cause a waiver of all bills of exception, except on points expressly reserved in said rule.

It also omits the provision of the rule of 1862, that the bills of exception need not be abandoned where the rule to show cause is applied for solely on points which cannot be raised in error.

This history of the rule leaves no doubt of the purpose of the statute now in force regulating this subject.

The intention was that in every case the granting of a rule to show cause should be a waiver of all bills of exception, except on points expressly reserved in the rule. The latter clause of the statute (in almost the exact language of the rule of 1862), permitting the court, in its discretion, to make the rule special, was incorporated so that no doubt could arise of the power of the court to do so. If that provision had not been preserved, the implication might have arisen that such power was intended to be withheld.

Whether, therefore, the rule to show cause is general or special, the mere granting of it, on the application of the party who holds bills of exception, operates as a waiver of all exceptions save those which are expressly reserved in the rule to show cause.

The statute applies as well to the Circuit as to the Supreme Court.

The motion of the defendant in error to strike out all the assignments of error, which are based upon exceptions taken at the trial, must prevail.